UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| MARY JULIANNE WARPENBURG, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-548-RLY-TAB |
| | ) | |
| INDIANAPOLIS PUBLIC | ) | |
| TRANSPORTATION CORPORATION, | ) | |
| a/k/a IPTC or INDYGO, | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Comes now the defendant, Indianapolis Public Transportation Corporation, a/k/a

IPTC or IndyGo, and moves to dismiss Plaintiff's Complaint under Rules 12(b)(1) and

(b)(6) of the Federal Rules of Civil Procedure.  Specifically, IPTC asserts that Plaintiff

failed to exhaust her administrative remedies regarding her retaliation claim by failing to

receive a Notice of Rights to Sue from the Equal Employment Opportunity Commission

("EEOC") prior to filing suit in this court.  IPTC also asserts that Plaintiff's sex

discrimination claims should be dismissed as the alleged events which comprise her

claims fall outside the statute of limitations.  Finally, IPTC asserts that Plaintiff's sex

discrimination claims must fail because Plaintiff has not alleged a causal link between the

protected activity and the adverse action.

In her Response, Plaintiff stated that with the aid of her counsel, she filed a second

charge of discrimination with the EEOC to clarify her specific claims for discrimination

and retaliation, and that she received a second Notice of Rights to Sue in July 2005.  *See* Plaintiff's Exhibit 1.  Thus, Plaintiff has exhausted her administrative remedies with regard to her claim for retaliation.

With regard to Plaintiff's sex discrimination claims, Plaintiff contends she has stated a claim within the statute of limitations.  Plaintiff's Complaint alleges, "From about January, 2003 to the date of her termination, Juli Warpenburg was harassed because she was female." Complaint ¶ 10.  Her Complaint further alleges that she complained about sex discrimination and was subsequently demoted in September 2003.  Plaintiff notes that the alleged adverse employment action of which she complains – her termination – falls within the statute of limitations.  The court finds that for purposes of notice pleading, Plaintiff's allegations are sufficient.

The fact that Plaintiff did not allege a causal link between her protected activity – i.e., her complaints regarding alleged sex discrimination in the workplace – and the adverse action, is likewise not fatal to her claim.  Plaintiff need not allege specific facts of discrimination in her Complaint.  *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say.") *Id*.  Accordingly, the court finds Plaintiff has stated a claim for sex discrimination upon which relief can be granted.  For these reasons, Defendant's Motion to Dismiss is **DENIED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that

Defendant's Motion to Dismiss is **DENIED**.


**SO ORDERED** this  22nd  day of September 2005.


_____

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Electronic Copies to:


Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Nathan D. Foushee
MCMAINS MORSE PC
foushee@mcmainsmorse.com

Mary Jane Lapointe
MCMAINS MORSE
lapointe@mcmainsmorse.com